# IN THE SUPREME COURT OF THE STATE OF NEVADA

EVARISTO JONATHAN GARCIA,
Appellant,
vs.
JAMES DZURENDA, DIRECTOR,
Respondent.

No. 80255

FILED

MAR 31 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from the denial of an untimely post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

Appellant Evaristo Garcia was convicted of killing a fifteen-year-old boy in front of a high school. Following the denial of his first post-conviction petition, he learned that the State never disclosed to him police records kept by the Clark County School District Police Department (CCSDPD). Those records indicated that a witness's initial description of the shooter was inconsistent with all of her other descriptions, and that CCSDPD, shortly after the shooting, stopped a suspect in the vicinity of where witnesses said the shooter ran, but the suspect was quickly released when a witness stated he was not the shooter. Evaristo filed the underlying habeas petition, which the district court denied as procedurally barred.

A post-conviction petition for a writ of habeas corpus must be filed within one year and successive petitions are not permitted when the second petition alleges new or different grounds and the judge determines that the failure to assert those grounds previously constitutes an abuse of the writ. NRS 34.726(1); NRS 34.810(2). Garcia's petition is thus time

22-10042

barred unless he can demonstrate good cause. NRS 34.726(1). Given he alleges a *Brady v. Maryland*, 373 U.S. 83 (1963), violation, good cause must be shown by proving the following: "(1) the evidence is favorable to the accused, either because it is exculpatory or impeaching; (2) the State withheld the evidence, either intentionally or inadvertently; and (3) prejudice ensued, i.e., the evidence was material." *State v. Huebler*, 128 Nev. 192, 198, 275 P.3d 91, 95 (2012) (internal quotation marks omitted) (explaining that the second and third prongs of a *Brady* violation mirror the two requirements for demonstrating good cause for the delay in filing the habeas petition); NRS 34.726(1). This court reviews a district court's decision resolving a *Brady* claim de novo. *Huebler*, 128 Nev. at 198, 275 P.3d at 95-96.

Garcia satisfied the second prong by showing that the State withheld the evidence. The State has an affirmative duty to disclose favorable evidence in its possession regardless of whether the defense has made a discovery request. *State v. Bennett*, 119 Nev. 589, 601, 81 P.3d 1, 9 (2003). The State is "charged with constructive knowledge and possession of evidence withheld by other state agents, such as law enforcement officers," *id.* at 603, 81 P.3d at 10 (internal quotation marks omitted), even if the evidence "is known only to police investigators and not to the prosecutor," *Youngblood v. West Virginia*, 547 U.S. 867, 869-70 (2006) (internal quotation marks omitted). The State concedes that CCSDPD is a law enforcement agency. The record demonstrates that the first officer on the scene was a CCSDPD officer, seven CCSDPD officers assisted with securing the scene and investigating the crime, and CCSDPD officers stopped a potential suspect. Thus, the State had constructive knowledge that the CCSDPD was involved in the investigation and may have drafted

reports. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (providing that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case"); *Bennett*, 119 Nev. at 603, 81 P.3d at 10-11 (charging the State with constructive knowledge of evidence in a Utah police officer's possession because the State was aware of the Utah police's assistance in the investigation of the crime).

Nevertheless, Garcia did not demonstrate that the evidence was material. Evidence must be disclosed if it is exculpatory and "provides grounds for the defense to attack the reliability, thoroughness, and good faith of the police investigation, to impeach the credibility of the state's witnesses, or to bolster the defense case against prosecutorial attacks." *Mazzan v. Warden, Ely State Prison*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000). If the defense only makes "a general request for information, the evidence is material when a reasonable probability exists that the result would have been different had it been disclosed," and if a specific request is made, "the evidence is material upon the lesser showing that a reasonable possibility exists of a different result had there been disclosure." *Bennett*, 119 Nev. at 600, 81 P.3d at 8. Even under the lower standard for materiality, Garcia was unable to demonstrate that the evidence was material.

Garcia matched the description of the shooter, his fingerprints were on the gun, a witness testified that he rode in a car with Garcia to the scene of the crime and watched the gun owner hand Garcia the gun, and another individual testified that Garcia told him he had shot the victim. Additionally, the evidence that a witness's initial description of the shooter was different would not have supported Garcia's defense at trial that one of two other individuals was the shooter because neither of those individual's fingerprints were on the gun. Further, that witness impeached her own

testimony at trial because she indicated that she forgot things due to her age. Additionally, in light of the significant evidence of Garcia's guilt at trial, the fact that another individual was stopped near the scene of the crime would not have created the possibility of a different outcome because there was no evidence that the individual was connected to the crime or connected to any of the other individuals involved in the crime. Therefore, because Garcia could not demonstrate that the suppressed evidence was material, the district court properly denied Garcia's petition for a writ of habeas corpus as procedurally barred.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

---

[1]Because Garcia was unable to demonstrate the third *Brady* prong and all prongs are necessary for a *Brady* claim, we need not consider whether he properly demonstrated the first prong.

[2]We also conclude that Garcia's argument that the district court's adoption of the State's language into its order violated Garcia's Constitutional rights and the separation of powers doctrine lacks merit. The record demonstrates that the district court did not adopt the State's proposed order verbatim, and EDCR 7.21 requires the prevailing party to provide the court with a draft order or judgment.

cc: Hon. David M. Jones, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A